UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HADDOCK,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERWEST INSURANCE SERVICES,<br>INC, et al.,<br><br>        Defendants. | Case No.  26-cv-06995-JD<br><br>**ORDER RE TRO** |

United States District Court
Northern District of California

Pro se plaintiff Kevin Haddock's application for a temporary restraining order, Dkt. No. 2, is denied.  Haddock alleges a variety of claims said to arise from an insurance shortfall for a marine vessel that he owns and moors in Richmond, California.  *See* Dkt. No. 1 (complaint).  The TRO asks to enjoin an insurance company defendant from "obstructionist conduct," and the marina owner defendant from "self-help eviction and penalty imposition."  Dkt. No. 2 at ECF p.4.

Even when read with the generous eye afforded to pro se litigants, Haddock did not establish a likelihood of success on the merits.  *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important -- likely success on the merits.")  The claims in the complaint sound in contract and tort, and nothing in the TRO application indicates that Haddock is likely to prevail on them.

Haddock also did not demonstrate a threat of irreparable harm.  All of the harms Haddock identifies are monetary.  *See* Dkt. No. 2 at 7-8.  "It is well established . . . that such monetary injury is not normally considered irreparable."  *Maffick LLC v. Facebook, Inc.*, No. 20-CV-05222-JD, 2020 WL 5257853, at *3 (N.D. Cal. Sept. 3, 2020) (quoting *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *see also Sampson v. Murray,* 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and

energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (internal quotations omitted).

The Court appreciates that Haddock has a strong sense of concern about the wellbeing of his vessel, and believes he has been wronged by defendants.  But the circumstances warranting the extraordinary relief of a TRO are not present here.  *See Your Town Online, Inc. v. All Tribal Networks, LLC*, No. 21-CV-04442-JD, 2021 WL 2894138, at *1 (N.D. Cal. July 9, 2021) ("The Supreme Court has emphasized that injunctive relief is 'an extraordinary remedy never awarded as of right.'") (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2